IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


STEDRICK LEVELLE PUTNEY, SR.                                              PLAINTIFF


v.                              Civil No. 1:24-cv-01017-SOH-BAB


CIRCUIT JUDGE QUINCEY ROSS;
TAD HUNTSMAN; PROSECUTING
ATTORNEY SANDRA BRADSHAW;
PUBLIC DEFENDER TIM LEONARD;
PROSECUTING ATTORNEY FRANK
SPAIN; ALLYSON CARTER; PUBLIC
DEFENDER JOSEPH MANZZATTI, III;
and JUDGE PUNJEUS                                                        DEFENDANTS


## REPORT AND RECOMMENDATION

Plaintiff, Stedrick Levelle Putney, Sr., currently an inmate of the Arkansas Division of Community Corrections Southwest Arkansas Community Correction Center, filed this action pursuant to 42 U.S.C. § 1983.   Plaintiff proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).   Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

# I.      BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on March 12, 2024.   (ECF Nos. 1, 2).   Plaintiff filed a First Amended Complaint on April 1, 2024.   (ECF No. 5).   The Court granted Plaintiff's IFP Motion on April 8, 2024. (ECF No. 8).   Plaintiff filed a Second Amended Complaint on April 23, 2024.   (ECF No. 12). In his Second Amended Complaint, Plaintiff asserts one claim against eight separate Defendants: Tad Huntsman, Investigator for Ashley County Sheriff's Office; Allyson Carter, Probation and Parole Officer; Quincey Ross, Ashley County Circuit Court 10th Judicial District I Judge; Sandra Bradshaw, Prosecuting Attorney; Frank Spain, Prosecuting Attorney; Tim Leonard, Public Defender; Judge Punjeas [1], 10th Judicial Division I Judge; and Joseph Manzzatti, III, Public Defender.   Plaintiff asserts both individual and official capacity claims against all Defendants.

Plaintiff generally alleges all these Defendants falsely imprisoned him on false pretenses and accusations.   Specifically, Plaintiff claims:

> All these Defendants from three different entities submitted falsified information in a case that cost me my freedom and cause me to be wrongfully incarcerated.   The information was either miscommunicated or misused in order to convict me in a criminal case.   This case appears as if it may be a . . . scheme to land to false conviction and accusations.

(ECF No. 12, p. 7).

Plaintiff also provided these specific factual allegations:

- Defendant Carter did not submit all the relevant facts regarding Plaintiff's parole or probation, and these omissions led to his wrongful conviction and incarceration.   (ECF No. 12, p. 8).

---

1 The Court notes there is no Circuit Judge in the Tenth Judicial Circuit Division One by the name of Punjeus.   However, there is a Judge Crews Puryear.

- Defendant Huntsman charged him as a habitual offender which caused him to be jailed. (ECF No. 12, p. 9).

- Defendants Spain and Manzzatti and Judge Punjeus charged Plaintiff with the same charges in the police report.   *Id.*

- Defendant Leonard and Judge Ross changed the case ID number on his criminal case, and the new case number was not shared with him until his sentencing order.   *Id.*

- The case number was different in Judge Punjeus's court than it was in Judge Ross's court. (ECF No. 12, p. 10).

- Plaintiff was never on trial of a B felony manufacturing charge, but he was convicted of one.   *Id.*

- There was a miscommunication or mishandling of evidence between all entities in this case which caused Plaintiff's wrongful incarceration.   *Id.*

As relief, Plaintiff seeks compensatory damages for all his physical, mental, and emotional damages from his false imprisonment.   (ECF No. 12, p. 13).

## II.   APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).   Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983.   *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).   Lastly, Defendants must have been personally involved and caused the violation alleged.   "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.   To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).   Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action.   *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

4

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

First, all of Plaintiff's claims are seeking relief from his criminal conviction, parole violation, and imprisonment.   Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254.   *See e.g.,* *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Additionally, Plaintiff's claim seeks damages for an unconstitutional conviction or imprisonment, and such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   Plaintiff has produced no evidence or allegations in his complaint to meet the *Heck* requirements.

Furthermore, all official capacity claims asserted by Plaintiff must fail as a matter of law. Without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer.   *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Because Plaintiff's claim is barred by *Heck* and fails to state a cognizable claim under Section 1983, the Court need not address Defendants Ross, Bradshaw, Spain, and Punjeus's immunity to this suit, nor Defendants' Leonard and Manzzatti's statuses as non-state actors.

## IV.    CONCLUSION

For these reasons, it is recommended: this case be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of May 2024.

*/s/ Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6